UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ROMERIO L. WALKER,

      Plaintiff,

v.                                                  Case No. 5:12-cv-340-RS-GRJ

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Defendant.
_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida Department of Corrections housed at Santa Rosa Correctional Institution, commenced this civil rights action pursuant to 42 U.S.C. § 1983 on October 16, 2012. (Doc. 1.) He also filed a motion for leave to proceed in forma pauperis. (Doc. 2.) Plaintiff's motion to proceed in forma pauperis was granted by the Court on February 15, 2013, and monthly payments from his prison account were ordered. (Doc. 11.) Since that time, however, none of the $350.00 filing fee has been paid. Plaintiff was directed to amend his complaint, and he filed his second amended complaint with the Court on March 11, 2013, which is now the operative complaint. (Doc. 14.) Defendants have filed a Motion to Dismiss, which is now before the court. (Doc. 53.) Defendants argue, among the grounds for dismissal, that Plaintiff is a "three-striker," who should not have been permitted to proceed *in forma pauperis.*

Title 28 U.S.C. § 1915(g) prohibits a prisoner from proceeding *in forma pauperis* under certain circumstances. Section 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

> brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g)

A prisoner who is not entitled to proceed *in forma pauperis* must therefore pay the filing fee at the time he initiates the lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit."); *Vanderburg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2004.)

In the motion to dismiss, Defendants allege that Plaintiff qualifies as a three-striker because he filed the following five cases, which were dismissed: *Walker v. Hofstad, et al.*, No. 11-11578-B (11th Cir. Aug. 16, 2011); *Walker v. Hofstad, et al.*, No. 8:11-cv-614-T-30TGW (M.D. Fla. Apr. 4, 2011); *Walker v. Brake, et al.*, No. 3:94-cv-30275-RV (ND. Fla. Mar. 24, 1995); *Walker v. Chiles, et al.*, No. 5:94-cv-50174-LC (ND. Fla. June 23, 1995); *Walker v. Brake*, et al., No 5:94-cv-50179-LC (N.D. Fla. Aug. 8, 1994).

While Defendants contend that these five dismissals each count as strikes, some of them do qualify and some of them do not. Based upon the Court's independent research and in reviewing the cases cited by Defendants, the Court has identified the following four actions or appeals previously filed by Plaintiff while he was incarcerated which were dismissed as frivolous, malicious, or for failure to state a claim, and

2

therefore count as strikes: *Walker v. Hofstad, et al.*, No. 11-11578-B (11th Cir. Aug. 16, 2011) (dismissing as a frivolous appeal of district court's dismissal of civil rights complaint); *Walker v. Hofstad, et al.*, No. 8:11-cv-614-T-30TGW, 2011 WL 1298247 (M.D. Fla. Apr. 4, 2011) (unpublished) (dismissing for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)); *Walker v. Comfort,* No. 8:03-cv-698-RAL (M.D. Fla. Apr. 22, 2003) (dismissing for failure to state a claim); *Walker v. Brake*, et al., No 5:94-cv-50179-LC (N.D. Fla. Aug. 8, 1994) (dismissing for abuse of the judicial process pursuant to 28 U.S.C. § 1915(d)). Because Plaintiff has at least these three strikes, Plaintiff may not proceed *in forma pauperis* in the instant case unless he qualifies under the "imminent danger" exception in § 1915(g).

In order to qualify under the imminent danger exception, "the issue is whether [the] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). Accordingly, the Court must look at the complaint, which must be construed liberally and the allegations in which must be taken as true. *See id.*; *Jackon v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979); *McAplin v. Toney*, 281 F.3d 709, 710 (8th Cir. 2002). General allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g). *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.," *id.*, and vague allegations of harm and unspecific references to injury are insufficient. *White v. State of Colorado*, 157 F.3d 1226, 1232 (10th Cir. 1998). A claim by a prisoner that he faced a past imminent danger is an insufficient basis to

allow him to proceed in forma pauperis pursuant to the imminent danger exception. *Mayberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (holding that exception not triggered where threat of assault by other prisoners ceased to exist when plaintiff was placed in administrative confinement prior to the filing of the complaint); see also *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002) (holding that the imminent danger exception to § 1915(g) is construed narrowly and available only for "genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate.") Moreover, "imminent danger" is assessed not at the time of the incident, but at the time the complaint is filed. See *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3rd Cir. 2001.)

In the instant case, Plaintiff names as Defendants the Secretary of the Florida Department of Corrections and four DOC employees. Plaintiff alleges that Defendant Sgt. Timothy Dawson told him that if he filed any more grievances Sgt. Dawson would write Plaintiff more disciplinary reports and keep Plaintiff in confinement longer. Plaintiff alleges that he filed a grievance on March 1, 2012, expressing his fear of bodily harm due to this incident. Plaintiff alleges that he was told by Sgt. Dawson that he would be getting "gassed" after threatening to file more grievances. Plaintiff says that he requested protective custody as a result, but that his request was denied repeatedly, including by Defendant Warden Halley and Defendant Secretary of the Department of Corrections. Plaintiff alleges that Defendant Sgt. Dawson warned him not to eat his food, because Defendant Dawson had tampered with it. Plaintiff further alleges that he was "gassed" by Defendant Captain Weeks, who "gassed" him from his food slot after sneaking up on him, despite his asthma. Plaintiff alleges that afer he promised not to write any more grievances Defendant Captain Weeks sprayed him with gas again.

4

Plaintiff alleges that Officer Richards urged him to drop the incident, and not make further grievances or file lawsuits.

Plaintiff's allegations do not entitle him to avoid the bar of § 1915(g) as they do not suggest that he is currently under imminent danger of serious injury, nor was he at the time the complaint was filed on October 16, 2012. When Plaintiff filed his Complaint he also filed a motion for an injunction for protection, which was denied. Plaintiff has renewed that motion twice, and it has been denied each time.

Further review of the Second Amended Complaint discloses an additional reason for dismissing this case. Plaintiff failed to truthfully disclose and describe all of his prior federal cases, as required on the complaint form. (Doc. 14.) Plaintiff executed the civil rights complaint form under penalty of perjury. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits. Plaintiff checked "yes," in each Section IV A-D and attached several pages with information on his previous cases. One page, "3(a)" with respect to "B. FEDERAL COURT" stated that he had filed five section 1983 cases in the Northern District of Florida in 1992-1994, and that all five cases had made it through initial screening and were in discovery when they were dismissed because of Plaintiff's "failure to file anymore papers" upon his release from prison.

Section IV. D. of the complaint form requires prisoners to disclose whether they have "had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service," and if so to identify each case so dismissed. Plaintiff checked "yes" and identified one case: *Walker v. Hofstad, et al.*, case no. 8:11-cv-614-

T-30TGW, filed in the Middle District of Florida, and dismissed for "immunity, (frivolous, failure to state a cause.)" (Doc. 14 at 4.)

A review of the Court's PACER Case Locator reflects that Plaintiff filed 4 federal cases in 1993-1994. If there is a fifth case, as the Plaintiff stated, the Court has not located it. However, even though Plaintiff disclosed the existence of these cases, he was untruthful in describing them. While two of those cases were dismissed for failure to prosecute and failure to comply with a court order, one of those federal cases was dismissed for abuse of the judicial process, and never made it to the discovery stage, as Plaintiff claims it did. *Walker v. Brake*, et al., No 5:94-cv-50179-LC (N.D. Fla. Aug. 8, 1994). In another case, the defendants motion to dismiss was granted. *Walker, et al. v. Etheridge, et al.*, No. 3:93-cv-30372 (N.D. Fla. June 2, 1995.) Plaintiff's description of the dismissals of the cases is a mis-characterization that misleads the Court and attempts to disguise Plaintiff's status as a "three-striker."

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[1] In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his

---

[1]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case.  The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal.  *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The

court will not tolerate false responses or statements in any pleading or motion filed before it.").

Plaintiff's assertion that any omitted cases "were an oversight and were in no manner intended to hide the action or deceive the Court," is insufficient to excuse his lack of candor. *See* Doc. 14.

Accordingly, upon due consideration, it is **ORDERED**:

1. This Court's previous Order (Doc. 11), granting Plaintiff leave to proceed in forma pauperis, is **VACATED**.

And it is respectfully **RECOMMENDED:**

1. Pursuant to 28 U.S.C. § 1915(g) , this case should be **DISMISSED** because Plaintiff is a "three striker" and because Plaintiff misrepresented his prior litigation history on the Court's from.

2. All pending motions in this case should be **TERMINATED**.

**IN CHAMBERS**, at Gainesville, Florida, this 24th day of September 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge